IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICK CAMUGLIA, d/b/a
PAISANO'S RESTAURANT,

       Plaintiff,

vs.                                                                                            No. CIV 04-0048 JB/LFG

THE CITY OF ALBUQUERQUE and
THE ALBUQUERQUE ENVIRONMENTAL
HEALTH DEPARTMENT and GUY
WORTHINGTON, in his individual capacity
and as an employee of THE CITY of
ALBUQUERQUE,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Assistant City Attorney, Peter S. Auh's, Letter to the Court, dated April 28, 2005, filed April 29, 2005 (Doc. 75). The Court held a hearing on the parties' request for the Court's input on what to do with Plaintiff Rick Camuglia, d/b/a Paisano's Restaurant, on April 29, 2005. At the hearing, the Defendants orally moved for summary judgment. Because the Court previously ruled that Defendant Guy Worthington, in his individual capacity, did not violate the United States or New Mexico Constitutions, there can be no liability for the City of Albuquerque, the Albuquerque Health Department or Worthington in his official capacity. The Court will therefore grant the Defendants' motion for summary judgment and dismiss Plaintiff Rick Camuglia's Complaint with prejudice.

## PROCEDURAL BACKGROUND

The Court granted Worthington's Motion for Summary Judgment and Memorandum of Law

in Support, filed August 20, 2004 (Doc. 55). See Memorandum Order and Opinion, filed March 31, 2005 (Doc. 73). The Court found that Worthington gave Camuglia adequate process and did not violate Camuglia's substantive due process rights. See Memorandum Order and Opinion, filed April 28, 2005 (Doc. 74). At the hearing on April 29, 2005, the Defendants orally moved for summary judgment. See Transcript of Hearing, at 6:12-15, April 29, 2005.[1] Neither party objected to the motion's form, and the parties represented to the Court that they had presented all the evidence to the Court in their earlier motions. See id. at 6:16-22.

## ANALYSIS

A governmental entity may not be held liable for constitutional violations where there is no underlying constitutional violation by any of its officers. See Hinton v. City of Elwood, 997 F.2d 774, 782 (10th Cir. 1993)(citing City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)); Apodaca v. Rio Arriba County Sheriff's Dept., 905 F.2d 1445, 1447-48 (10th Cir. 1990); Watson v. City of Kansas City, 857 F.2d 690, 697 (10th Cir. 1988)); Myers v. Oklahoma Co. Bd. of County Comm's 151 F.3d 1313, 1316 (10th Cir. 1998) ("It is well established, therefore, that a municipality cannot be liable under section 1983 for the acts of an employee who committed no constitutional violation."); McCook v. Springer Sch. Dist., 44 Fed. Appx. 896, 910, (10th Cir. August 5, 2002)(unpublished). In Hinton v. City of Elwood, the United States Court of Appeals for the Tenth Circuit explained "that where a municipality is 'sued only because [it was] thought legally responsible' for the actions of its officers, it is 'inconceivable' to hold the municipality liable if its officers inflict no constitutional harm, regardless of whether the municipality's policies might have 'authorized' such

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

harm." Hinton v. City of Elwood, 997 F.2d at 782 (quoting City of Los Angeles v. Heller, 475 U.S. at 799).

Because this Court previously granted summary judgment, and in doing so held that Worthington did not violate the Constitution, see Memorandum Opinion and Order, filed April 28, 2005 (Doc. 74), there can be no liability for the City of Albuquerque, the Albuquerque Health Department or Worthington in his official capacity. The Court will therefore grant the Defendants' oral motion for summary judgment.

**IT IS ORDERED** that the Defendants' oral motion for summary judgment is granted and the Plaintiff's complaint is dismissed with prejudice.

```
                                        _____
                                        UNITED STATES DISTRICT JUDGE
```

*Counsel:*

David M. Berlin
Duhigg, Cronin, Spring, Berlin & Bencoe, P.A.
Albuquerque, New Mexico

    *Attorney for the Plaintiff*

Robert M. White
  City Attorney
   City of Albuquerque
Peter S. Auh
  Assistant City Attorney
Albuquerque, New Mexico

    *Attorneys for the Defendants*